UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

OBEDE CASIMIR,

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondent.

Case No. 1:26-cv-06320 (VC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. Nos. 1, 2

This habeas action and motion for a temporary restraining order ("TRO") concerns the detention of Petitioner Obede Casimir, a noncitizen who has lived in the United States since being released into on his own recognizance by U.S. Customs and Border Patrol in May 2022. *See* Dkt. No. 2 at 3; Dkt. No. 6-1 at 1. Based on the Government's application of 8 U.S.C. § 1225(b)(1)(B)(ii), Petitioner was re-detained without any finding of changed circumstances demonstrating that he was a flight risk or danger to the community prior to revoking his release. For the reasons explained below, the Court GRANTS Petitioner's writ of habeas corpus, and resolves the TRO as moot.[1]

## I. BACKGROUND

Petitioner is a citizen of Haiti who entered the United States on or around March 29, 2022. Dkt. No. 2 at 3; Dkt. No. 6-2 at 2. Upon entry, Petitioner was detained by U.S. Customs

[1] In setting a briefing schedule on the TRO, the Court directed the parties to indicate whether they opposed the Court converting the TRO to a preliminary injunction or, alternatively, ruling directly on the underlying petition. *See* Dkt. No. 5. Neither party opposed the Court entering a ruling directly on the petition. Dkt. No. 7 at 1 ("Respondent does not oppose the Court ruling on the underlying petition").

and Border Patrol, was given a positive credible fear screening, and then released on his own recognizance pursuant to a Notice to Appear charging him as inadmissible and indicating that a hearing would be set at a later date. Dkt. No. 6-1 at 1; Dkt. No. 6-2 at 2.

Following his release, Petitioner was granted temporary protected status (which has since expired), applied for asylum, and was granted work authorization through 2030 by USCIS. Dkt. No. 2 at 2. Further, Petitioner has kept a clean criminal record and claims to have complied with all the conditions of his release—a fact that Respondent does not dispute. *Id*. Despite no apparent change in circumstances since Petitioner's initial parole, he was re-detained by U.S. Immigration and Customs Enforcement on July 16, 2026 while he was driving to work. *Id*.; Dkt. No. 7-2 at 2. He is currently being held at the California City Detention Facility.

## II. DISCUSSION

Proceeding pro se, Petitioner filed this habeas petition and TRO arguing that revocation of his parole and his subsequent detention without notice or a finding that he is a flight risk or danger to the community violates due process. *See* Dkt. No. 1 at 6; Dkt. No. 2 at 4. Petitioner's constitutional challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (*citing Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

### A. Liberty Interest

Given that Petitioner was released into the interior of the United States, he has a protected liberty interest in his continued freedom. Courts throughout this circuit have found that where a noncitizen is released from immigration detention on their own recognizance, and the Government seeks to revoke that parole and re-detain the individual, process is required prior to that re-detention. *See, e.g.*, *Soto v. Bondi*, No. 2:26-CV-00652-BAT, 2026 WL 972731, at *6–7 (W.D. Wash. Apr. 10, 2026); *Ji v. Noem*, No. 1:26-CV-01186-DJC-CSK, 2026 WL 485287, at *2 (E.D. Cal. Feb. 20, 2026); *Thakur P.B. v. Murray*, No. 1:26-CV-00170-TLN-JDP, 2026 WL

407748, at *2–3 (E.D. Cal. Feb. 13, 2026). "[E]ven when an initial decision to detain or release an individual is discretionary, the government's subsequent release of the individual from custody creates an implicit promise that the individual's liberty will be revoked only if they fail to abide by the conditions of their release." *Calderon v. Kaiser*, No. 25-CV-06695 AMO, 2025 WL 2430609, at *2 (N.D. Cal. Aug. 22, 2025) (internal quotation omitted).

Respondent, however, contends that Petitioner is subject to mandatory detention under § 1225(b)(1)(B)(ii), and, therefore, was not entitled to any process prior to revocation of his parole and re-detention. Dkt. No. 6 at 1–2. "[E]ven assuming that petitioner is currently detained under 8 U.S.C. § 1225(b)(1)(B)(ii) as respondent[s] assert[], it is undisputed that petitioner was subsequently released after his re-entry and resided in the United States until his current re-detention." *Enriquez Escarcega v. Warden of the Golden State Annex Facility*, No. 1:26-CV-01012-DAD-SCR, 2026 WL 480500, at *2 (E.D. Cal. Feb. 20, 2026). The Court, therefore, "need not determine whether § 1225 or § 1226 applies in this case because petitioner has a liberty interest in his continued release regardless of the applicable detention scheme." *Cajina v. Wofford*, No. 1:25-CV-01566-DAD-AC (HC), 2025 WL 3251083, at *3 (E.D. Cal. Nov. 21, 2025); *see also Doe v. Becerra*, 787 F. Supp. 3d 1083, 1092–93 (E.D. Cal. 2025) (finding Petitioner had a protected liberty interest where petitioner had been previously released by immigration authorities, even though both parties agreed § 1225(b)(1)(B)(ii) controlled detention).

### B. *Mathews* Factors

Given that Petitioner has a liberty interest in his continued freedom following his grant of parole, the Court turns next to what process was due prior to the revocation of his release. Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context where a noncitizen possesses a protected liberty interest in his continued release. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the

risk of an erroneous deprivation … and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridg*e, 424 U.S. 319, 335 (1976).

As to the first *Mathews* factor, the Court finds that Petitioner has a substantial private interest in remaining out of immigration custody because he has been released pending civil removal proceedings for over four years. Respondent does not meaningfully engage with the fact that Petitioner was released by the Government. Since his release, Petitioner has developed ties in his community, worked, and pursued various forms of immigration relief. The lengthy duration of his conditional release as well as the meaningful connections Petitioner seems to have made with his community during that time create a powerful interest for Petitioner in his continued liberty.

Turning to the second factor, "the risk of an erroneous deprivation [of liberty] is high" when, as here, "[the petitioner] has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is justified when a noncitizen presents a risk of flight or danger to the community. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The record before the Court indicates that Petitioner was released from immigration custody in 2022, and then had the released revoked in July 2026 without any independent finding of changed circumstances by a neutral arbiter before he was re-detained. Indeed, the record demonstrates that Petitioner has no criminal history and appears to have abided by all conditions of his release. As there have been no procedural safeguards to determine if Petitioner's re-detention is justified, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *A.E.*, 2025 WL 1424382, at *5.

The final *Mathews* factor also weighs in Petitioner's favor. Although the Government has a strong interest in enforcing the immigration laws, its' interest in detaining Petitioner without a hearing is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). This is

particularly true where, as here, Respondent has made no showing that Petitioner is a flight risk or danger to the community. In immigration court, custody hearings are routine and impose a "minimal" cost. *Doe*, 787 F. Supp. 3d at 1094. "If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so," but it must provide Petitioner with a hearing first. *Ortega*, 415 F. Supp. 3d at 970.

In light of the fact that Respondent failed to make any showing of changed circumstances before re-detaining Petitioner, he is entitled to release.

## III. CONCLUSION AND ORDER

For the reasons stated above, the Petition is GRANTED. IT IS HEREBY ORDERED that:

1. Respondent immediately release Petitioner Obede Casimir from their custody.

2. The Government shall not impose any additional restrictions on Petitioner, unless they are determined to be necessary at a future pre-deprivation and/or custody hearing.

3. If the Government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter where the Government must show by clear and convincing evidence that Petitioner is a flight risk or danger to the community. This Order does not address the circumstances in which the Government may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

4. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: August 25, 2026

VINCE CHHABRIA
United States District Judge